**UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | Case Number CR 13-00483 SI (NC) |
| v. | |
| <u>Byron Davis, a/k/a Duval Gibson</u>, Defendant. | <u>ORDER OF DETENTION PENDING TRIAL</u> |

   In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 14, and continued on August 16, 2013. Defendant was present, represented by his attorney AFPD Daniel Blank. The United States was represented by Assistant U.S. Attorney Alexandra Summer. The hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

   Davis a/ka Gibson is charged by indictment with escape from a GEO Care residential reentry center in San Francisco on November 13, 2012, in violation of 18 U.S.C. § 751(a). He has entered a not guilty plea and is presumed innocent.

**PART I. PRESUMPTIONS APPLICABLE**
   / / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
   This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
   / / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense
     A. ____ for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
     B. ____ under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
   This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
   / X/ No presumption applies.

**PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE**
   / / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.
   / / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
   Thus, the burden of proof shifts back to the United States.

**PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE)** N/A

**PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows. The Court adopts the facts set forth in the Pretrial Services Report prepared August 13, 2013, supplemented by information presented at the hearing concerning the potential referral of the defendant to the San Francisco Superior Court's Veterans Justice Court calendar, including letters from attorney Pamela Herzig and the San Francisco Community Justice Center. At the hearing, the government presented information by proffer that the defendant in 2010 engaged in illegal activities that were either uncharged or were charged but later dismissed. The Court gave no weight to these assertions, as they were disputed and not corroborated by evidence.

The following factors establish by more than clear and convincing evidence that the defendant is a danger and should be detained in order to assure the safety of the community. This 47-year old defendant has a criminal history dating from 1984 to the present that appears to be interrupted at great lengths only by periods of incarceration, such as a ten-year federal sentence for being a felon in possession of a firearm (in 2000), and grand theft. He has not demonstrated success while on community supervision, with multiple violations of probation and supervised release. During his most recent federal supervision, the repeated failures resulted in a prison sentence with no supervision to follow. The defendant's behavior may be explained partly or all by daily drug use, and mental and other health issues addressed in the PTS report, including PTSD. The defendant was discharged from the U.S. Navy in 1990. Since 1999, he has been unemployed, with inconsistent housing and health and apparently no treatment of his drug use.

Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community.

These same facts establish by more than a preponderance of the evidence that there are not conditions that can reasonably assure the future court appearances of the defendant. The defendant has no resources to secure his appearance and has offered no sureties.

As the undersigned magistrate acknowledged at the hearing, this Court does not have a "veterans" diversion program and the Bail Reform Act makes no separate standard for detention or release of military veterans. The Court is open to further evidence and argument as to how supervision and services might be coordinated between federal, state, and local agencies in a way that might satisfy the requirements of the Bail Reform Act.

Part V. Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States

Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:   August 16, 2013

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA \_\_\_, ATTY \_\_\_\_\_, PTS \_\_\_\_